E-FILED
Wednesday, 05 March, 2025 04:14:36 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

CORY WILLIAM CALHOUN,
Plaintiff,

v.

ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*,
Defendants.

Case No. 3:25-cv-03026-JEH

**Order**

Plaintiff Cory Calhoun, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious dental needs while he was incarcerated at Graham Correctional Center ("Graham"). (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**I**

Plaintiff files suit against the Illinois Department of Corrections ("IDOC"), Warden Steven Campbell, Graham Health Care Administrator Stephanie Howard, Wexford Health Sources, Inc. ("Wexford"), Wexford's Health Care Administrator Dianne, and Dentist John Doe.

In approximately February 2023, Defendant John Doe, an institutional dentist, extracted Plaintiff's tooth. Defendant John Doe allegedly told Plaintiff that at least one tooth needed to be extracted to receive a partial. Defendant John Doe selected a tooth to extract and chose a tooth that previously had a root canal and a cap/crown. Defendant John Doe allegedly told Plaintiff he chose this tooth because the cap was damaged, and Defendants IDOC and Wexford have a policy to extract teeth instead of repairing them. To extract the tooth, Defendant John Doe had to break it from Plaintiff's jaw line, causing extreme pain and discomfort. Plaintiff alleges the tooth "was a perfectly good tooth that could [have] been repaired." (Doc. 1 at p. 7). To date, Plaintiff has not received a partial.

In April 2023, Plaintiff submitted a request to the dentistry department at Graham and was informed that Graham had no dentist and that he was on a waiting list to receive a partial.

Plaintiff filed a grievance on October 22, 2023. Defendant Howard responded to his grievance and informed him that Graham did not employ a full-time dentist; a dentist came to the facility a few days each week; and Plaintiff was on the list for dental treatment.

On May 27, 2024, Plaintiff inquired a second time about a partial and having his teeth cleaned. Plaintiff was again informed that Graham did not have a dentist or hygienist.

Plaintiff filed a second grievance on August 8, 2024, regarding his need for a partial. In his grievance, Plaintiff complained it was difficult to chew his food

and requested a slow eat pass because he suffers from extreme bouts of G.E.R.D. Plaintiff alleges that Defendant Campbell is aware of his dental issues because he "signed off" on denying his grievances. *Id.*

Plaintiff alleges that Defendant Wexford has "a policy in which they do not repair teeth; only extract" and that his dental treatment was delayed because of Wexford's hiring policies. (Doc. 1 at pp. 5, 7). Plaintiff claims he should have been sent to an outside provider to receive a partial.

**II**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522.

The Seventh Circuit has recognized that dental care, specifically, is "one of the most important medical needs of inmates." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). "Not all dental pain qualifies as objectively serious under this standard. Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019) (citing *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's

health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Based on his allegations, the Court finds that Plaintiff has stated an Eighth Amendment claim against Defendant Dentist John Doe based on his alleged deliberate indifference to Plaintiff's dental needs. Plaintiff is advised that an unidentified Doe Defendant cannot be served. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify Defendant John Doe. The failure to do so will result in the dismissal of Defendant without prejudice.

Plaintiff named Defendants Howard (Graham's Health Care Administrator), Dianne (Wexford's Health Care Administrator), and Warden Campbell as Defendants, but he did not include any specific allegations to demonstrate that they were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants Howard, Dianne, and Campbell cannot be liable based only on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

Additionally, Defendant Warden Campbell cannot be held liable based solely on his involvement in the grievance process. *See Thomas v. Knight*, 196 F. App'x 424, 429 (7th Cir. 2006) (explaining that a warden does not incur § 1983 liability just by participating in the grievance process); *see also Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012). Defendants Howard, Dianne, and Campbell are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

The Eleventh Amendment bars Plaintiff's claim for damages against the IDOC, as the IDOC is not a "person" amenable to suit under § 1983. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Veal v. Illinois Dep't of Corr.*, No. 18-CV-0621-MJR, 2018 WL 3009265, at *2 (S.D. Ill. June 15, 2018). Defendant IDOC is dismissed with prejudice.

Defendant Wexford may be liable under § 1983 only if it allowed an unconstitutional policy or practice which caused the harm. *See Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying *Monell* municipal liability to private corporations performing governmental functions). While private corporations will have liability for their own unconstitutional policy or practice, they do not have vicarious *respondeat superior* liability for the actions of others. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). *Monell* liability may arise if "(1) the defendant employs an express policy that causes the constitutional injury, (2) the defendant has established a widespread practice that it so well settled that it constitutes a custom or usage, or (3) the defendant has final policymaking authority and caused the constitutional injury." *Smith v. Williams*, No. 23-CV-50074, 2024 WL 4590727, at *3 (N.D. Ill. Oct. 28, 2024) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Here, Plaintiff alleges that Wexford has "a policy in which they do not repair teeth; only extract" and that his dental treatment was delayed because of

Wexford's hiring policies. (Doc. 1 at pp. 5, 7). The Court finds that Plaintiff has stated a plausible deliberate indifference claim against Wexford based on its policy or practice of failing to provide care for damaged teeth and failing to provide a dentist or ongoing dental care to inmates at Hill.

**III**

Finally, Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff attached several letters to his motion from legal organization and attorneys who declined to accept his case. The Court finds that Plaintiff demonstrated a reasonable attempt to obtain counsel.

"When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff does not explain why he needs court-appointed counsel. Thus far, his pleadings have been coherent and supported by accompanying exhibits. There

is no indication that he has any physical or psychological condition that might impair his ability to litigate this case himself. Plaintiff also indicates that he is a college graduate. The Court finds that Plaintiff appears competent to litigate this case himself, especially at this early stage in the litigation process. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim against Defendants Dentist John Doe and Wexford Health Sources, Inc. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Howard, Dianne, and Campbell are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Defendant IDOC is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE these Defendants.

3) Plaintiff's Motion to Request Counsel [4] is DENIED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require

Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be

returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: March 5, 2025

s/Jonathan E. Hawley
U.S. District Judge