IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CORY WILLIAM CALHOUN,<br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES,<br>INC., *et al.*,<br>    Defendants. | Case No. 3:25-cv-03026-DJQ |

**Order**

    Plaintiff Cory Calhoun, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham"). (Doc. 1). On March 5, 2025, the Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment claim against Defendants Dentist John Doe and Wexford Health Sources, Inc. ("Wexford") based on their alleged deliberate indifference to his serious dental needs. (Doc. 7). On April 11, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint seeking leave to file an Amended Complaint alleging a deliberate indifference claim against Defendants Stephanie Howard and Dianne, who were dismissed without prejudice at merit review. (*Id.* at p. 5; Doc. 21). The Court granted Plaintiff's Motion and filed his Amended Complaint on April 14, 2025. (Doc. 23).

    This case is now before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious,

or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Dentist John Doe, Graham's Health Care Administrator Stephanie Howard, Wexford, and Wexford's Health Care Administrator Dianne.

In approximately February 2023, Defendant John Doe, an institutional dentist, extracted Plaintiff's tooth. Defendant John Doe allegedly told Plaintiff that at least one tooth needed to be extracted to receive a partial. Defendant John Doe selected a tooth to extract and chose a tooth that previously had a root canal along with a cap and crown. Defendant John Doe allegedly told Plaintiff he chose this tooth because the cap was damaged, and the Illinois Department of Corrections and Defendant Wexford have a policy to extract teeth instead of repairing them. To extract the tooth, Defendant John Doe had to break it from Plaintiff's jaw line, causing extreme pain and discomfort. This procedure was performed at Total Care Dental in Bridgeton, Missouri. Plaintiff alleges "[t]he tooth that was extracted was a perfectly good tooth that could have been repaired." (Doc. 23 at p. 4). To date, Plaintiff has not received a partial.

In April 2023, Plaintiff submitted a request for a partial to the dentistry department at Graham and was informed that Graham currently had no dentist and that he was on a waiting list.

Plaintiff filed a grievance on October 22, 2023. Defendant Howard responded to his grievance and informed him that Graham did not employ a full-time dentist; a dentist came to the facility a few days each week; and Plaintiff was on the waiting list. *Id.* at p. 8.

On May 27, 2024, Plaintiff inquired a second time about a partial and having his teeth cleaned. Plaintiff was again informed that Graham did not have a dentist or hygienist.

On August 8, 2024, Plaintiff submitted a second grievance regarding his need for a partial, complained it was difficult to chew his food, and requested a slow eat pass because he suffers from extreme bouts of GERD, a digestive disorder. Plaintiff's request went unanswered until January 13, 2025. Meanwhile, Plaintiff alleges he had to eat rapidly or did not eat at all because he was unable to properly chew. Defendant Howard responded to his grievance and again advised that Graham did not have a full-time dentist and that Plaintiff was on a list for dental treatment. *Id.* at p. 11.

Plaintiff alleges Defendant Wexford has a "policy in which they refused to fix teeth that could be repaired and only extracted them in order to receive a denture partial" and that his dental treatment was delayed because of Wexford's hiring policies. *Id.* at p. 1.

Plaintiff claims he should have been sent to an outside provider to receive a partial. He asserts that Defendant Dianne, an administrator employed by Wexford who worked at Graham, was aware of the dental treatment he was supposed to receive and failed to submit a referral request to the collegial review committee for treatment with an outside provider. As a result, Plaintiff alleges his dental treatment was delayed and he suffered further injury.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). "Not all dental pain qualifies as objectively serious under this standard. Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill. 2019) (citing *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016)).

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

The Court finds that Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Dentist John Doe, who allegedly extracted a viable tooth, causing extreme pain and discomfort. Plaintiff is advised that an unidentified Doe Defendant cannot be served. Plaintiff is placed on notice that it is his responsibility, through initial disclosures and discovery, to identify Defendant John Doe. The failure to do so will result in the dismissal of Defendant John Doe without prejudice.

Plaintiff also states a plausible deliberate indifference claim against Defendants Health Care Administrators Howard and Dianne based on the alleged delay of his dental treatment and failure to refer him to an outside dentist to receive a partial.

Defendant Wexford may be liable under § 1983 only if it allowed an unconstitutional policy or practice which caused the harm. *See Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying *Monell* municipal liability to private corporations performing governmental functions). While private corporations will have liability for their own unconstitutional policy or practice, they do not have vicarious *respondeat superior* liability for the actions of others. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). *Monell* liability may arise if "(1) the defendant employs an express policy that causes the constitutional injury, (2) the defendant has established a widespread practice that it so well settled that it constitutes a custom or usage, or (3) the defendant has final policymaking authority and caused the constitutional injury." *Smith v. Williams*, No. 23-CV-50074, 2024 WL 4590727, at *3 (N.D. Ill. Oct. 28, 2024) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Here, Plaintiff alleges that Wexford has "policy in which they refused to fix teeth that could be repaired and only extracted them in order to receive a denture partial" and that his dental treatment was delayed because of Wexford's hiring

policies. (Doc. 23 at p. 1). The Court finds that Plaintiff states a plausible deliberate indifference claim against Defendant Wexford based on its policy or practice of extracting rather than repairing teeth and failing to hire a dentist to provide dental care at Graham.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a renewed Motion to Request Counsel. (Doc. 23 at p. 5). Plaintiff states he needs an attorney to assist him in providing expert testimony and to establish the standard of care and deviation from that standard. Plaintiff also requests counsel to obtain records related to his *Monell* claim.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a request for counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). The Court previously found that Plaintiff demonstrated a reasonable attempt to find an attorney. (Doc. 7 at p. 6).

"When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022). Thus far, his pleadings have been reasonably well-written and supported by accompanying exhibits. There is no indication that he

has any physical or psychological condition that might impair his ability to litigate this case himself. Plaintiff previously indicated that he is a college graduate. (Doc. 4 at p. 2). The Court finds that Plaintiff appears competent to litigate this case himself, especially at this early stage in the litigation process. Plaintiff's Motion is denied.

### MOTION FOR ISSUANCE OF SUBPOENAS

On April 16, 2025, Plaintiff filed a Motion for Issuance of Subpoenas under Federal Rule of Civil Procedure 45 requesting the issuance of subpoenas for (1) Total Care Dental for his dental records, including billing and invoices which support his claim that a root canal, cap, crown, and denture implant were performed; (2) Attorneys Alyssa Meurer and Emily Hirsch from Uptown People's Law Center for all records and communications from Plaintiff and his prior affiliation with the *Lippert* case and Monitor Dr. John M. Raba; (3) Dr. John M. Raba for all records and communications between Graham Correctional Center and its affiliates involving Plaintiff; and (4) Wexford for its Provider Handbook and the number of full-time dentists Wexford has tried to hire in the last two years. (Doc. 24).

The Court has reviewed Plaintiff's request to determine if it is frivolous, requests immaterial or unnecessary information, is unduly burdensome, or otherwise unreasonable or abusive. *See Jackson v. Brinker,* No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992). The Court finds that his request for a subpoena for his dental records from Total Care Dental is relevant to his claim and is not unduly burdensome or unreasonable. Plaintiff's request for the issuance of a subpoena upon Total Care Dental is GRANTED.

Plaintiff does not explain how information from attorneys Meurer and Hirsch from Uptown People's Law Center or from Dr. Raba are relevant to his claims. Plaintiff's request for a subpoena for Meurer, Hirsch, and Raba is DENIED.

Finally, issuing a subpoena upon Defendant Wexford to produce a copy of its Provider Handbook and information about its hiring practices is unnecessary because Plaintiff may request this information by issuing discovery requests upon Wexford. Plaintiff's request for a subpoena for Wexford is DENIED.

**IT IS THEREFORE ORDERED:**

1) According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment claim against Defendants Stephanie Howard, Dianne, Dentist John Doe, and Wexford Health Sources, Inc. based upon their alleged deliberate indifference to Plaintiff's serious dental needs. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Stephanie Howard and Dianne as Defendants.

3) Defendant Wexford filed a Waiver of Service of Summons and an Answer to Plaintiff's Complaint With Affirmative Defenses. (Docs. 10 and 12). As such, no waiver needs to be issued for Defendant Wexford. Defendant Wexford is DIRECTED to answer Plaintiff's Amended Complaint within 30 days of this Order.

4) Pursuant to this District's internal procedures, the Clerk is DIRECTED to send Defendants Stephanie Howard and Dianne the following documents: 1) a Notice of Lawsuit and Request for Waiver of Summons; 2) a Waiver of Service of Summons; 3) a copy of Plaintiff's Amended Complaint; and 4) a copy of this Order.

5) The Court will attempt service on Defendants Howard and Dianne by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and

will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly

to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel, if Plaintiff has not already done so.

13) The Clerk is directed to set an internal deadline 60 days from the entry of this Order for the Court to check on the status of service regarding Defendants Howard and Dianne.

14) Plaintiff's Motion to Request Counsel (Doc. 23 at p. 5) is DENIED.

15) Plaintiff's Motion for Issuance of Subpoena [24] is GRANTED IN PART and DENIED IN PART. The Clerk is DIRECTED to send Plaintiff a subpoena form with the address portion addressed to Total Care Dental, 12758 Boenker Ln., Bridgeton, MO 63044, so that he may subpoena the identified documents. It is Plaintiff's responsibility to complete and serve the subpoena, which may be sent by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (may effect service of Rule 45 subpoena through certified mail).

16)    Defendant Wexford filed a Motion for Summary Judgment on the issue of exhaustion of administrative remedies on May 2, 2025. (Doc. 29). Plaintiff's response to Defendant's Motion for Summary Judgment is due on May 23, 2025.

*It is so ordered.*

Entered: May 16, 2025

　　　　s/Douglas J. Quivey　　
U.S. Magistrate Judge